

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRAMMER ENGINEERING, INC. | CIVIL ACTION NO. 06-2260-A |
| -vs- | JUDGE DRELL |
| MERIDIAN RESOURCES [USA], INC. | MAGISTRATE JUDGE KIRK |

### ORDER

Before the Court is defendant Meridian's motion for partial dismissal for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), seeking dismissal of plaintiff Brammer's claim for sequestration and plaintiff's claims for enforcement of a statutory lien and privilege. (Doc. # 14). Because the sequestration has been dissolved upon joint motion of the parties (Docs. # 26 and 27), that portion of Meridian's motion is now moot. Only that portion relating to the statutory lien and privilege claims remains.

Because this is a motion under Fed. R. Civ. P. 12(b)(6), we consider only the pleadings and any attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000). The Fifth Circuit has summarized the standards for this type of motion as follows:

> A motion to dismiss under rule 12(b)(6) "is viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986). The district court may not

> dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); [Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995)]. This strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969).

Lowrey v. Texas A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

Under this standard, we accept as true Brammer's factual allegations in the First Amended and Restated Verified Complaint for Enforcement of Lien, Writ of Sequestration and Other Relief (Doc. # 21). Brammer alleges that Meridian received its rights by a lease assignment (Doc. # 21, Pars. 6-9) and that Meridian, as lessee, entered into a contract for Brammer to provide various services for Meridian's well.

Taken at face value, Brammer's factual allegations cast Meridian as a "lessee" and "operator" and Brammer as a "contractor" within the meaning of the Louisiana Oil Well Lien Act ("LOWLA"), La. Rev. Stat. 9:4861 et seq. (Doc. # 21, Par. 19 and 20). Under the LOWLA, a "contractor" is potentially entitled to a security interest. La. Rev. Stat. 9:4862. Viewing the allegations in the light most favorable to Brammer, without reference to any documents outside of the pleadings and attachments thereto, we cannot say that Brammer has failed to

state a claim which would entitle it to relief. Thus, we DENY Meridian's motion for partial summary judgment.

SIGNED on this 15 day of October, 2007, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE